**TEPPER v. FRASER et al.**
No. 6062.

Court of Appeals of the District of Columbia.
Argued Feb. 14, 1934.
Decided April 9, 1934.

Jos. L. Tepper and David L. Blanken, both of Washington, D. C., for appellant.

William W. Bride, F. H. Stephens, George C. Gertman, and T. Gillespie Walsh, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This action was brought in the Supreme Court of the District to set aside a tax deed. The case was tried on bill and answer, and from a decree of the court dismissing the bill the case comes here.

It appears that the property in question on July 1, 1927, was assessed for taxes for the year ending June 30, 1928, in the name of William Sylvester. On July 22, 1927, a trust to secure the payment of $4,500 was foreclosed, and the property sold and deeded to appellant, plaintiff below. On August 16th following, appellant conveyed the property to one Dodd; and on the same date Dodd gave a trust for $5,070 on the property, which was duly recorded. On September 28, 1929, this trust was foreclosed, and the property was again conveyed to appellant.

On July 1, 1928, the taxes, which had been assessed against the property in the name of Sylvester, were unpaid and in arrears; and on December 12th following the property was advertised for tax sale in the name of Sylvester. On January 15, 1929, the property was sold to one Rout, who assigned his certificate of purchase to appellee Fraser. At the expiration of the period of two years, allowed for redemption from the tax sale, a tax deed was issued and delivered to appellee Fraser. The present action is to set aside that deed.

It is contended by appellant that the property should have been advertised for sale in the name of Jacob Dodd, who was at that time the record owner of the property, and not in the name of Sylvester, who had disposed of his title to the property. Section 791, title 20, of the D. C. Code 1929, provides, among other things, as follows: "The assessor of the District of Columbia shall prepare a list of all taxes on real property in said District subject to taxation on which said taxes are levied and in arrears on the first day of July of each year hereafter; and the commissioners of said District shall fix date of sale. The notice of sale and the delinquent tax list shall be advertised once a week for two weeks in the regular issue of one morning and one evening newspaper published in the District of Columbia; and notice shall be given, by advertising twice a week for two successive weeks in the regular issue of two daily newspapers published in the District of Columbia, that such delinquent tax list has been published in two daily newspapers, giving the name of each and the dates and the issues containing said list, and such notice shall be published in the two weeks immediately following the week in which the delinquent tax list shall have been published."

It will be observed that there is nothing in the statute, or in any act that has been call-

ed to our attention, which requires the advertisement to be made in the name of the then owner of the property. The statute clearly implies that the list of taxes in arrears shall be prepared from the tax roll, as prepared for assessment one year prior thereto. Unquestionably taxes must be assessed in the name of the record owner of the property. Section 696, title 20, of the D. C. Code, provides, among other things, that "all real property in the District of Columbia, except as hereinafter provided, shall be assessed in the name of the owner," as was done in this case. In Kann v. King, 25 App. D. C. 182, 185, the court said: "Provision is made by the statute, perhaps inadequate provision, for the ascertainment by the taxing officers of the names of the owners of property for this purpose of assessment; for the recorder of deeds and the register of wills are both required to report annually to the tax officers all transfers of real estate recorded in their respective offices."

The numerous cases cited by counsel for appellant in their brief, and relied upon, are cases where the defect was in the assessment of the tax, where the property had been assessed in the name of some one other than the owner; but in none of these cases was the defect carried to the extent of holding a sale void where the property was advertised in the name of the owner against whom it was properly assessed, but where, through transfer, the title stood in the name of another at the time the advertisement and sale was made.

This is the ground upon which the court below properly dismissed the petition.

The decree is affirmed, with costs.